Marcia **FURST**, Plaintiff,

v.

The **UNITED STATES** of America,
Defendant.
Civ. 12549.

United States District Court
E. D. New York.
Jan. 29, 1957.

Irving Choban, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, Esq., U. S. Atty., by J. G. Linker, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

RAYFIEL, District Judge.

This is an action under Section 817 of Title 38 U.S.C.A., for the recovery of the proceeds of a reinstated National Service Life Insurance policy issued to the plaintiff's deceased husband, a member of the United States Naval Forces. The defendant denies any obligation under the policy, claiming that reinstatement thereof was obtained by means of fraudulent representations.

These pertinent facts are undisputed: The deceased entered the naval service of the United States on September 30, 1943, and thereafter applied for and obtained a National Service Life Insurance policy in the sum of $10,000, which continued in force and effect until April 12, 1946, when it was permitted to lapse for non-payment of premiums. On May 11, 1948, he filed a claim with the Veterans Administration for disability compensation, which was denied. On July 6, 1948, he made application for the reinstatement of his aforementioned policy, and

the conversion thereof to a 30-payment life insurance policy of $5,000, which was thereafter issued to him, with the plaintiff as his sole beneficiary. The deceased paid the premiums on said policy from the date of its issuance, and it continued in full force and effect until his death of cancer on July 22, 1950.

The parties have made cross motions for summary judgment and have stipulated that the sole issue to be decided is "whether the United States of America is precluded or estopped from claiming reliance upon the representations made by an applicant for reinstatement of his life insurance policy because information concerning the true state of the applicant's health at the time of the said reinstatement is contained in the files of other departments or subdivisions of the Veteran's Administration, other than the insurance section?"

In his application for disability compensation, filed on May 11, 1948, the deceased stated that he was suffering from "Tumor (cancerous) Left Groin and Right Arm Pit", that he had been treated by physicians in May, 1947, and February, 1948, and had since then been undergoing treatment by one Dr. Carver, who operated on his left groin and right arm pit.

In his application of July 6, 1948, for reinstatement and conversion of the lapsed policy, the deceased answered "yes" to question No. 8, reading "Are you now in as good health as you were on the due date of the first premium in default?", and "no" to question No. 9, reading "Have you been ill, or suffered or contracted any disease, injury or infirmity or been prevented by reason thereof from attending your usual occupation, or consulted a physician, surgeon, or other practitioner for medical advice or treatment at home, hospital, or elsewhere in regard to your health, since lapse of the insurance?"

The defendant claims that the answers to questions numbered 8 and 9 in the aforementioned application for reinstatement were untrue, and that the policy sued under herein was acquired by false and fraudulent representations, and is therefore void.

In order to establish such fraud the defendant must show that the deceased made a false representation as to a material fact, with knowledge of its falsity, and with intent to deceive, and that it relied upon such representation.

Obviously the health of the deceased since the lapse of the original policy was a material factor in the consideration of the application for reinstatement, and it appears to be equally obvious that, in view of deceased's statement in his application for disability compensation that Dr. Carver had operated on him, his answer to question No. 9 in the application for reinstatement was false.

The plaintiff argues, however, that the Veterans Administration, through which applications for both National Service Life Insurance and disability compensation are administered, must be charged with notice and knowledge of the condition of the health of the deceased, obtainable from the file referring to his application for disability compensation, and hence cannot be said to have relied on the false representations made in the application for reinstatement. She points further to the fact that the deceased, in his application for reinstatement of the policy, answered "yes" to question No. 10, reading "Have you ever applied for disability compensation retirement pay, pension or waiver of insurance premiums?", and answered "unknown" to the succeeding question reading: "If 'yes' give claim number below."

In support of her position the plaintiff relies chiefly upon the case of Thompson v. United States, D.C.D.C., 109 F. Supp. 283. That however, is distinguishable from the case at bar in at least two respects. In the first place, Thompson's separation from the military service, unlike that of the deceased herein, resulted from a medical discharge prior to the lapse of the policy, due chiefly to rheumatic heart disease, from which he died

about two years thereafter, so that his answer to question No. 8 in the application—that he was then in as good health as he was on the due date of the first premium in default—did not indicate an intention to defraud. Secondly, in the Thompson case, as in other cases cited by the plaintiff, the application for reinstatement gave the "C", or claim number of the application for disability compensation. Thus, information respecting Thompson's health was rendered more easily ascertainable by the Insurance Section of the Veterans Administration.

The Government's reliance on the false statements of the deceased in the instant case was due also to the fact that under Title 38 of the Code of Federal Regulations, 1949 edition, section 8.24, the applicant's own statement of comparative health could be accepted as proof of insurability in all applications for reinstatement filed on or before July 31, 1948. All such applications filed after that date, however, were required to be accompanied by a report of the physical examination of the applicant. The application of the deceased herein was filed on July 6, 1948.

I am satisfied that the answers and representation made by the deceased were false, and that he had knowledge of their falsity. Those facts do not appear to be disputed, since the sole issue to be decided herein, pursuant to the stipulation of the parties, is whether the defendant is precluded or estopped from claiming reliance upon said false representations because information respecting the health of the deceased was contained in the files of the Disability Compensation section of the Veterans Administration. That issue, in view of the provisions of section 8.24 of Title 38 C. F.R., 1949 edition, and the deceased's failure to furnish his "C" number, must be resolved in favor of the defendant.

It is my opinion, also, that fraudulent intent is implicit in the deceased's aforementioned false answers, more particularly so since they were made within approximately two months after his operation for cancer.

Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

Settle order on notice.